## SMITH HIMMELMANN
Attorneys at Law • A Law Corporation
**ELBRIDGE W. SMITH** [HI #2079]
**ELBRIDGE Z. SMITH** [HI #10120]
745 Fort Street, Suite 311
Honolulu, Hawaii 96813
Telephone No.: (808) 523-5050
Fax No.: (808) 538-1382
Email: shlaw@hawaii.rr.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL A. REHFELDT, | ) CIVIL NO. _____ <br> ) <br> ) EMPLOYMENT DISCRIMINATION <br> ) COMPLAINT; DEMAND FOR JURY <br> ) TRIAL; SUMMONS |
| Plaintiff, | |
| vs. | |
| U.S. Department of Homeland Security; Chad F. Wolf, Acting Secretary of Homeland Security, | ) <br> ) <br> ) <br> ) |
| Defendant. | ) |

H:\CLIENTS\Rehfeldt\USDC\Plead\Employment Discrimination Complaint.wpd

## EMPLOYMENT DISCRIMINATION COMPLAINT

### I. JURISDICTION AND VENUE

1. This action seeks declaratory, injunctive, equitable, and monetary relief against the named Defendant in his official capacity as Secretary of the Department of Homeland Security for certain unlawful employment discrimination against Michael A. Rehfeldt ("Plaintiff") based upon Defendant's failure to

accommodate his Disabilities (asthma, allergies) and in retaliation for his protected equal employment opportunity ["EEO"] activities (requesting reasonable accommodation and filing an EEO complaint), in violation of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701, *et seq.*, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

2. The jurisdiction of this court is invoked pursuant to 5 U.S.C. §§ 7513, 28 U.S.C. §§ 1331, 1343(4), 1346, 1361, and 42 U.S.C. §§ 2000e-5 and 2000e-16, and 29 U.S.C. § 633a.

3. Venue is proper in this Hawaii District Court pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f) in that the actions complained of herein took place and all of these claims arose in the State of Hawaii.

## II. PARTIES

4. Plaintiff is a local born male, who at all times relevant herein was a resident of Hawaii.

5. Chad Wolf ("Defendant") is sued in his official capacity as the Secretary of the United States Department of Homeland Security. As Secretary, Defendant is responsible for employment practices and procedures within the Department of Homeland Security ["DHS"] and its constituent Component activities including the U.S. Immigration and Customs Enforcement ["ICE"], Homeland Security Investigations ["HSI"] ("Agency"). The Agency is an employer within the

meaning of Title VII of the Civil Rights Act of 1964, as amended, and which Agency employs over 500 employees.

### III.  STATEMENT OF FACTS

6. From February 3, 2008 through January 7, 2016, Plaintiff Michael A. Rehfeldt served as an Intelligence Research Specialist (IRS), GS-1801-13, for U.S. Immigration and Customs Enforcement ("Agency").

7. Prior to April 21, 2011, he was located at Honolulu International Airport, assisting a group of special agents located at the airport with their casework.

8. Plaintiff was subsequently reassigned to 595 Ala Moana Boulevard, where his title was Intelligence Research Specialist (IRS), and his first level supervisor became James Hrysyzen.

9. James Hrysyzen was Plaintiff's rating official for performance appraisals for Fiscal Years (FY) 2011-2015.

10. For FY 2011-2012, Plaintiff's second line supervisor was Deputy Special Agency in Charge (DSAC) Marjorie Thompson. She was the reviewing official for Plaintiff's performance appraisal in FY 2011.

11. On November 1, 2011, the Agency gave Plaintiff an overall performance rating of 3.75 (Exceeded Expectations). As a result, he received a special

act cash award of $1,000 during this fiscal year, effective August 14, 2011.

12. In October 2012, DSAC Thompson left Hawaii for another position with the Agency, As a result, Special Agent in Charge (SAC) Wayne Wills (Plaintiff's third line supervisor) signed Plaintiff's FY 2012 performance appraisal.

13. In FY 2013, DSAC Frank Cabaddu became Plaintiff's second line supervisor and reviewing official on Plaintiff's performance appraisal.

14. From approximately April 21, 2011 to August 19, 2012, Plaintiff worked in Office 110 of the main building at 595 Ala Moana Boulevard, Honolulu, Hawaii.

15. Plaintiff's primary task was providing support for Operation Spiderweb. This task involved, amongst other things, examining and digitizing old documents, called Alien Files ("A-files") which were later found to contain iodine.

16. Plaintiff is allergic to iodine.

17. Plaintiff's work with Operation Spiderweb was superior.

18. On or about June 20, 2012, SAC Wills learned about Plaintiff's allergy to iodine and that his work with the A-files in FY 2011 may have exposed him to iodine.

19. On or about July 24, 2012, management learned that Plaintiff had asthma.

20. On July 30, 2012, through his attorney, Plaintiff requested a reasonable accommodation for his disability.

21. On November 29, 2012, the Agency gave Plaintiff an overall performance rating of 3.24667 (Achieved Expectations). Plaintiff did not receive any bonus or award for this performance rating.

22. From August 20, 2012 to March 3, 2013, Plaintiff worked in "the Annex," a building adjacent to the main building at 595 Ala Moana Boulevard.

23. This change in workspace was a result of Plaintiff's request to be moved from his original office due to concerns about the environmental conditions of the building affecting his health and ability to work.

24. The Annex building was dirty, dusty, and had air conditioners that were infested with toxic mold.

25. Plaintiff complained about the conditions to Administrative Officer Marjorie Rodrigues, who also raised concerns about the conditions to SAC Wills and DSAC Cabaddu.

26. Plaintiff's asthma was exacerbated during his time at 595 Ala Moana Blvd, both in the main building and Annex.

27. From March 4, 2013 to February 19, 2014, Plaintiff worked in Office 110 of the main building at 595 Ala Moana Boulevard.

28. On November 12, 2013, the Agency gave Plaintiff an overall performance rating of 3.0 (Achieved Expectations). Plaintiff did not receive any bonus or award for this performance rating.

29. The November 2013 performance evaluation narrative does not indicate any decline in Plaintiff's performance compared to the previous year.

30. Plaintiff's Supervisor, CIO James Hrysyzen, testified during his sworn deposition that Plaintiff's performance in 2012-2013 did not "decline [from the previous year], but stayed the same."

31. From approximately February 20, 2014 until he retired, Plaintiff worked at the State of Hawaii Fusion Center ("Fusion Center").

32. The Fusion Center is located at 500 Ala Moana Boulevard, Honolulu, Hawaii, a few minutes walk from the 595 Ala Moana Boulevard buildings.

33. On October 26, 2014, the Agency gave Plaintiff an overall performance rating of 3.47 (Exceeded Expectations). Plaintiff received a $500 cash award for this performance rating.

34. On October 14, 2016, the Agency gave Plaintiff an overall performance rating of 4.65 (Achieved Excellence).

## IV.  PROCEDURAL HISTORY

35. Plaintiff has exhausted all his administrative remedies. The events described *supra*, constitute claims made by Plaintiff in an administrative EEO Complaint, Agency No. HS-ICE-22923-2012, filed on November 14, 2012.

36. On May 14, 2013, Plaintiff submitted his timely request for a hearing before the Equal Employment Opportunity Commission ("EEOC").

37. On April 20, 2018, Administrative Judge Thomas Lepak dismissed the claims articulated in the instant civil action.

38. Plaintiff had a bench trial before EEOC Administrative Judge Thomas Lepak on the two (2) claims regarding his lowered performance appraisals, and the Agency was found liable for discrimination.

39. Pursuant to EEOC regulations, a Plaintiff may file his case in U.S. District Court after 180 days have passed from when he filed his formal EEO complaint, even if he had initially elected to request an EEOC hearing.

## V.  FIRST CAUSE OF ACTION
<u>Violation of Title VII of the Civil Rights Act of 1964,
42 U.S.C. § 2000e, *et seq.*</u>

40. Paragraphs 4 through 34 are incorporated herein by reference. Defendant's conduct alleged herein constitutes unlawful employment discrimination against Plaintiff by subjecting him to a hostile work environment based on reprisal for engaging in protected EEO activity, in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

## VI.  SECOND CAUSE OF ACTION
<u>Violation of Section 504 of the Rehabilitation Act of 1973,
29 U.S.C. § 701, *et seq.*</u>

41. Paragraphs 4 through 34 are incorporated herein by reference. Defendant's conduct alleged herein constitutes unlawful employment discrimination against Plaintiff by harassing him and subjecting him to a hostile work environment based on his disabilities (asthma and allergies) in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq*.

## VII.  CLAIM FOR RELIEF

42. Plaintiff prays this Honorable Court to declare and adjudge that Defendant's conduct alleged herein constitutes unlawful discrimination

based on disability and/or reprisal for Plaintiff's protected activity of requesting reasonable accommodation for his disability; and further that Defendant subjected Plaintiff to a hostile work environment by such actions.

WHEREFORE, Plaintiff Rehfeldt requests that this Court grant him the following relief:

1. Order that the Defendant pay Plaintiff compensatory damages, back pay and benefits in the amounts to be proved at trial;

2. Order that the Defendant pay the Plaintiff's attorney fees and costs of this litigation and of the preceding administrative actions; and

3. Grant the Plaintiff such other and further relief as this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

DATED: Honolulu, Hawaii, April 22, 2020.

/s/ Elbridge Z. Smith
ELBRIDGE Z. SMITH
ELBRIDGE W. SMITH
Attorneys for Plaintiff